# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROALSTON STEVENSON KINGSTON,** | : | CIVIL NO. 1:17-CV-2286 |
| | : | |
| | : | (Chief Judge Conner) |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **COURT OF COMMON PLEAS, PHILADELPHIA COUNTY, U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK,** | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 filed by petitioner Roalston Stevenson Kingston ("Kingston"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania. Named as respondents are the Court of Common Pleas of Philadelphia County and the United States District Court for the Southern District of New York. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4.

I.  **Background**

Kingston asserts that that he filed this action under the admiralty jurisdiction of Rule 9(h), 5 U.S.C. §§ 701, 702, 703, and 28 U.S.C. §§ 1331, 1361, and 2201. (Doc. 1, at 2). Kingston requests that the court "issue a writ of possession and/or an arrest warrant, putting Roalston Stevenson Kingston in exclusive possession and control of the 'surety' for, and, debtor/defendant/U.S. vessel." (Doc. 1, at 6-7). He further requests that the court direct the United States Marshals Service "to take in[]to custody the 'real party in interest: Roalston Stevenson Kingston and the prisoner(s) "Fidel Clark" (a/k/a: Roalston Stevenson Kingston), . . . , along with said inmate's medical, dental, and psychological records.'" (Id. at 7).

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas

corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Kingston does not seek speedier or immediate release from custody or challenge the legality of his present incarceration.[2] Rather, he appears to request that the court direct the United States Marshals Service to issue an arrest warrant and execute a detainer. (Doc. 1, at 3). The claims asserted in Kingston's § 2254 petition are not cognizable in a habeas corpus action. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody"). See also Montalvo v. Montalvo, 2008 U.S. Dist. LEXIS 79016, *7 (W.D. Va. 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement."). Summary dismissal is appropriate because the habeas petition is frivolous, obviously lacking in merit, and "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." See R. GOVERNING § 2254 CASES R. 4.

---

[2] Kingston's claims are difficult to decipher and are essentially unintelligible. The court has made every effort to view them broadly in light of Kingston's *pro se* status, and finds that they are not proper habeas corpus claims.

Moreover, Kingston has failed to name a proper respondent. Kingston named as respondents in this habeas action the Court of Common Pleas of Philadelphia County and the United States District Court for the Southern District of New York. The proper respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242 ("the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). See also R. GOVERNING § 2254 CASES R. 2(a). It is not necessary to provide Kingston with the opportunity to add the proper respondent to this case because it plainly appears that his allegations do not entitle him to habeas relief.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed.

An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     December 21, 2017